UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-1-RJC

| | |
|---|---|
| FELECIA BRAY WARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| **Acting Commissioner of Social Security** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA") and Supporting Memoranda, (Doc. Nos. 15, 16, 18), and the Commissioner's Response in Opposition, (Doc. No. 17).

EAJA provides that the prevailing party in a civil action against the United States is entitled to attorneys' fees when the United States' position was not substantially justified and there are no special circumstances making an award unjust. 28 U.S.C. § 2412(d)(1)(A). Plaintiff is the prevailing party in this litigation. When the Court remands under Sentence Four of 42 U.S.C. § 405(g), the plaintiff is the prevailing party. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

The Commissioner has the burden of showing that her position was substantially justified. United States v. 515 Granby, LLC, 736 F.3d 309, 315 (4th Cir. 2013). Substantial justification does not require the Commissioner's position to be correct, but such a position may be substantially justified if a reasonable person could think it correct. See Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988). A claim for attorneys' fees may be defeated by the Commissioner

1

by showing that her position had a reasonable basis in both law and fact. Id. at 565–66.

To determine whether the Commissioner's position in a case was substantially justified, the Court must "look beyond the issue on which the petitioner prevailed to determine, from the totality of the circumstances, whether the [Commissioner] acted reasonably in causing the litigation or in taking a stance during the litigation." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993). In making this determination, "it is appropriate to consider the reasonable overall objectives of the [Commissioner] and the extent to which [her position] departed from them. Id.

A proper function-by-function analysis is specifically required by Social Security regulations. See SSR 96-8P. The ALJ failed to comply with Social Security regulations as well as the Fourth Circuit's interpretation of those regulations set forth in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). In its Order remanding this action, the Court directed the Administrative Law Judge ("ALJ") to conduct a new hearing and to provide a function-by-function analysis consistent with the Mascio decision. (Doc. No. 13 at 1). Therefore, the Court implicitly found that the ALJ failed to complete such an analysis in the first instance. When an ALJ fails to follow the Commissioner's own regulations, the Commissioner's position in litigation defending the ALJ's failure cannot be substantially justified. See Dixon v. Astrue, No. 5:06-CV-77-JG, 2008 WL 360989, at *3 (E.D.N.C. Feb. 8, 2008).

The Court finds that the Commissioner's position in this litigation was not substantially justified and that there are no special circumstances that make an award of fees unjust. The Court also finds the amount of fees Plaintiff seeks is reasonable. Therefore, the Court grants Plaintiff's Application for Attorney's Fees.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Application for Attorney's Fees

Pursuant to the Equal Access to Justice Act, (Doc. No. 15), is **GRANTED**. The Court will award attorneys' fees in the amount of $3,614.88, and pursuant to Comm'r of Soc. Sec. v. Ratliff, 560 U.S. 586 (2010), the fee award will first be subject to offset of any debt Plaintiff may owe to the United States. The Commissioner will determine whether Plaintiff owes a debt to the United States. If so, that debt will be satisfied first, and if any funds remain, they will be made payable to Plaintiff and mailed to Plaintiff's counsel. If the United States Department of the Treasury reports to the Commissioner that the Plaintiff does not owe any debt, the Government will exercise its discretion and honor an assignment of EAJA fees, and pay those fees directly to Plaintiff's counsel. No additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

Signed: November 23, 2015

Robert J. Conrad, Jr.
United States District Judge